DLD-207                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1901
_____

IN RE:  DAVID DUPREE,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 1:08-cr-00170-002)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 21, 2015

Before:  FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: May 27, 2015)
_____

OPINION[*]
_____

PER CURIAM

        David Dupree, proceeding pro se, has filed a petition for a writ of mandamus,

asking us to compel the District Court to act on his pending motion filed pursuant to 28

U.S.C. § 2255.  We will deny the petition.

        In 2012, Dupree filed a § 2255 motion challenging his conviction for armed bank

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

robbery and other offenses.  The motion was denied later that year.  In 2013, the District Court vacated its order denying Dupree's § 2255 motion, and, in April 2014, Dupree filed a new motion pursuant to 28 U.S.C. § 2255.  The Government's brief in opposition was filed in September 2014, as was Dupree's reply.  About a month later, Dupree wrote to the court inquiring about the status of his pending motion.  The Deputy Clerk replied within a day of receipt, advising Dupree that a decision would be rendered "as soon as is practically possible."  Dupree wrote again in January 2015, inquiring about his motion. The docket reflects no response to this letter and no further action regarding the § 2255 motion.  In April 2015, Dupree filed the present petition for a writ of mandamus, alleging extraordinary delay in the adjudication of his motion and seeking an order compelling the District Judge to rule on it.

Mandamus is a drastic remedy that should be granted only in extraordinary circumstances.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). As a general rule, the manner in which a court manages its docket is discretionary.  See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).  Nonetheless, an appellate court may issue a writ of mandamus when an undue delay in adjudication is "tantamount to a failure to exercise jurisdiction."  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  This case, however, does not present such a situation.  Contrary to Dupree's assertion, his § 2255 motion has not been pending since 2012, but rather since April 2014, when he filed the new motion.  Furthermore, since Dupree filed his reply to the Government's brief in opposition to his motion, about eight months have elapsed.

Although this delay is not insignificant and does raise some concern, <u>see</u> <u>id.</u>, it is not so lengthy as to justify our intervention at this time.  We are confident that the District Court will rule on Dupree's motion without undue delay.  Accordingly, the petition for a writ of mandamus is denied.  This denial is without prejudice to Dupree's filing a new petition for a writ of mandamus should the District Court fail to act on his § 2255 motion within a reasonable time.